IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD W. EDMOND, 579280,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>TDCJ-ID,<br>Respondent. | )<br>)<br>)<br>) No. 3:08-CV-1471-B<br>)<br>)<br>)<br>) |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. NATURE OF THE CASE

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Rick Thaler is Director of the TDCJ-CID.

### II. PROCEDURAL BACKGROUND

Petitioner does not challenge the validity of his underlying conviction and sentence. Instead, he challenges a prison disciplinary violation, number 20080180408, which he received at the Eastham Unit of the TDCJ.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

Petitioner was found guilty of assault on a correctional officer. Punishment was assessed at forty-five days loss of commissary privileges, forty-five days cell restriction, fifteen days solitary confinement and 1,276 days loss of good-time credits. Petitioner challenges the sufficiency of the evidence in his disciplinary case. Petitioner filed a Step 1 grievance challenging the result of his disciplinary proceeding. He did not file a Step 2 grievance.

### III. DISCUSSION

**1. Exhaustion**

A state prisoner must generally exhaust all available state remedies before proceeding in federal court. 28 U.S.C. § 2254(b) & (c). Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceeding before filing suit in federal court. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988). Texas prisoners, however, must first exhaust the prison grievance procedures. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993). TDCJ uses a two-step grievance process, and a prisoner must present his claims in both steps to exhaust his administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Any claim that is not exhausted is procedurally barred from federal habeas review.

In this case, although Petitioner filed a Step 1 grievance, he failed to file a Step 2 grievance. He has therefore failed to exhaust his administrative remedies. Although the petition may be dismissed for a failure to exhaust administrative remedies, a federal court may also address § 2254 claims and deny those claims on the merits. *See* 28 U.S.C. § 2254(b)(2). The Court therefore considers the merits of Petitioner's claims.

2.  **Merits**

Petitioner's claims fail to entitle him to habeas relief. The loss of commissary privileges and the imposition of cell restrictions do not state a claim for habeas relief. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). Moreover, in reviewing disciplinary proceedings, the court must determine "whether any evidence at all" supports the decision. *Flannagan v. Tamez*, 368 Fed. App. 586, 588 (5th Cir. 2010) (citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)). "'Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.'" *Id*. (quoting *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001)).

In this case, the hearing officer relied upon the offense report to determine that Petitioner committed the assault. (Resp. Ex. B). The offense report stated that Petitioner "assaulted officer [] by throwing coffee on said officer's neck and collar and then striking said officer with his closed right fist in the head." *Id*. Petitioner refused to attend the hearing. *Id*. The Court finds there is "some" evidence in the record to support the hearing officer's decision. The petition should therefore be denied.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 29th day of September, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).